ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSEPH ACEVEDO MALDONADO<br><br>Recurrente<br><br>v.<br><br>PUEBLO DE PUERTO RICO<br><br>Recurrido | KLRA202300527 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: 84944<br><br>Sobre: Reconsideración Libertad bajo palabra |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece en forma *pauperis* y por derecho propio el señor Joseph Acevedo Maldonado (Sr. Acevedo Maldonado o recurrente), mediante un recurso intitulado *Reconsideración.* Solicita la revisión judicial de una presunta decisión adversa de la Junta de Libertad Bajo Palabra. Asegura que califica para beneficiarse del privilegio. Peticiona también que ordenemos a la administración correccional que someta un expediente completo para su adecuada evaluación.

Luego del procedente examen, autorizamos la *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* presentada por el recurrente. A su vez, anticipamos que, por los fundamentos que expondremos, desestimamos el recurso del epígrafe.

**I**

El Sr. Acevedo Maldonado, por sus propios dichos, indica que fue sentenciado a cumplir una pena por dos casos de agresión sexual. Surge, además, que cumplió una sentencia en la jurisdicción federal, de la cual dice "solo me falta el *supervi[s]e*." Tiene 63 años y se encuentra en

custodia mediana. Asevera que ha tomado todos los cursos y terapias establecidos, así como que cuenta con un plan de salida viable, que incluye la residencia con su progenitora. No obstante, explica que la Junta de Libertad Bajo Palabra, en su *Resolución*, consignó determinaciones de hechos que le imputan un historial de uso de drogas, que no cuenta con la prueba de ADN y que se adjudicó en su contra una querella por amenaza o intimidación, por hechos acontecidos el 10 de febrero de 2023.[1] Relata también que ha confrontado problemas de salud y critica el cuidado médico recibido.

Cabe destacar, sin embargo, que el recurrente no incluye ninguno de los documentos aludidos en su escrito. Además, no esboza ni discute algún error específico relacionado con la alegada decisión adversa. De esta, desconocemos la fecha de su emisión, notificación y si fue o no objeto de una solicitud de reconsideración. A tales efectos, estamos impedidos de auscultar nuestra propia jurisdicción sobre la causa. En fin, los defectos mencionados impiden que ejerzamos nuestra función adjudicadora.

En armonía con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), mediante la cual este foro revisor puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho", eximimos a la parte recurrida de presentar su alegato en oposición.

**II**

La Parte VII del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone todo lo concerniente con las revisiones administrativas. En particular, la Regla 59 versa sobre el contenido de los recursos de revisión judicial que incluye, en parte, lo siguiente:

.        .        .        .        .        .        .        .

(E) Apéndice

---

[1] En su escrito, el recurrente menciona el caso KLRA202300384, el cual fue desestimado por falta de jurisdicción por prematuro.

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) **Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes**.

(b) […]

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) **Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia**.

(g) […] (Énfasis nuestro.)

De otra parte, es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). No podemos atribuirnos jurisdicción si no la tenemos, así como tampoco las partes en un litigio nos la pueden arrogar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). La ausencia de jurisdicción es simplemente insubsanable. *Id.* Las cuestiones jurisdiccionales, por ser consideradas privilegiadas, deben ser resueltas con preferencia. *Caratini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Por lo tanto, la norma es que cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Id.*

En lo pertinente, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), dispone que, a iniciativa propia, este foro intermedio puede desestimar un recurso por cualesquiera de los motivos consignados en el inciso (B) precedente.[2] A tales efectos, el inciso (B) de la citada norma establece los siguientes fundamentos, a los que hemos impartido énfasis:

---

[2] 4 LPRA Ap. XXII-B, R. 83 (B).

(1) **que el Tribunal de Apelaciones carece de jurisdicción**;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) **que no se ha presentado o proseguido con diligencia** o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

**III**

En la causa presente, de una somera evaluación del expediente surge claramente que el recurso presentado no es susceptible de revisión judicial. La omisión de unir al expediente la decisión administrativa impugnada y los documentos concernientes impide que podamos determinar si contamos con jurisdicción para atender las contenciones planteadas, así como los méritos o deméritos de estas. Es decir, el patente incumplimiento con los requisitos reglamentarios no permite que ejerzamos adecuadamente nuestra función judicial. Recuérdese que el mero hecho que una parte comparezca por derecho propio no es óbice para que cumpla diligentemente con las disposiciones reglamentarias aplicables. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de revisión judicial por falta de jurisdicción, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*.

**Notifíquese.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones